Kevin P. McCulloch (D.C. Bar No. 502494)
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CODE BLOODED, LLC,<br>**1411 Northfield Park Blvd**<br>**Warrensburg, MO 64093**<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>CLAUSE LOGIC, INC.;<br>**1201 Connecticut Avenue NW, Office 655,**<br>**Washington, DC 20036**<br><br>JULIE SALTMAN<br>**1201 Connecticut Ave NW**<br>**Washington DC, USA**,<br><br>　　　　*Defendants.* | Civil Action No.<br><br><br>**COMPLAINT AND DEMAND FOR**<br>**A JURY TRIAL** |

Plaintiff Code Blooded, LLC ("Plaintiff" or "Code Blooded"), by and through undersigned

counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this

Court, hereby demands a trial by jury of all claims and issues so triable, and for its Complaint

against Defendants Clause Logic, Inc. ("CLI") and Julie Saltman ("Saltman") (together

"Defendants"), asserts and alleges as follows:

1

## PARTIES

1.      Plaintiff Code Blooded is a limited liability company registered in Missouri.

2.      Plaintiff is the owner of certain copyrighted software code at issue in this action originally created by Plaintiff's owner, Dr. Paul Hinker ("Hinker"), who created and owned all copyrights in and to this software code and subsequently assigned all copyrights in and to the software code to Plaintiff, together with all rights to pursue accrued claims of infringement.

3.      Defendant CLI is a corporation registered in Delaware with a principal address located at 1201 Connecticut Avenue NW, Office 655, Washington, DC 20036.

4.      Defendant Saltman is the owner and chief executive officer of CLI.

5.      Upon information and belief, Saltman previously owned and operated a website located at www.clauselogic.com (the "CLI Website"), which now automatically forwards to a website located at www.standd.io.

6.      Upon information and belief Defendants now do business under the name "Standd."

7.      Upon information and belief, Saltman is a resident of the DC metropolitan area.

## JURISDICTION AND VENUE

8.      This is an action for copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501, based on Defendants' unauthorized copying, publication, and distribution of Plaintiff's copyrighted works, as well as related claims under applicable state and common law.

9.      Jurisdiction for Plaintiff's claims lies with the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to

copyrights and unfair competition), and 28 U.S.C. § 1367(a) (conferring supplemental jurisdiction for related state law claims which for part of the same case or controversy).

10.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) because Defendants conduct substantial business in and otherwise may be found in this District.

## GENERAL ALLEGATIONS

11.     In or about 2019, Hinker created and developed a software application, consisting of various original software programs created by Hinker and other software code, to be used in conjunction with the Microsoft Word document creation/editing program.

12.     Hinker originally planned to license his software code to and/or distribute the software commercially with/through Scripta LLC ("Scripta"), a Colorado limited liability company.

13.     Hinker was never an employee of Scripta and was not compensated or paid anything by Scripta in connection with his own work developing his various original software programs.

14.     Hinker never entered into any licensing agreement with Scripta with respect to the software programs and code that he developed.

15.     Prior to the assignment to Plaintiff Code Blooded, Hinker retained all copyrights, title, and other interests and rights in all of the software programs and code that he developed.

16.     The separate software programs that comprise the software code at issue in this action (collectively, the "Code") have been registered with the U.S. Copyright Office under Registration Nos. TXu002267664 and TXu002292792.

17.   Scripta agreed and understood that it would need to license any of the Code developed and created by Hinker prior to using it in any software application or products to be marketed commercially.

18.   Neither Scripta nor any of its officers ever obtained or received any license, express or implied, from Hinker related to commercial use or marketing of any products that included any Code created by Hinker.

19.   No individual officers of Scripta – including Defendant Saltman – ever had a license, permission, or authority to copy and use for their own purposes any of the Code created by Hinker, let alone to publish demonstration videos of products that rely on and use illegal copies of Hinker's software Code to commercially market products through a third-party company, including Defendant CLI.

20.   Defendant Saltman was previously a member of Scripta and, upon information and belief, entered into and was subject to a confidentiality/non-disclosure agreement with respect to the software product that Scripta planned to launch, which would include Plaintiff's copyrighted Code.

21.   In or about July and August 2020, Scripta and Saltman determined that they did not intend to continue their collaboration on the Scripta business.

22.   On September 8, 2020, Saltman personally published a video titled "Clause Logic Explainer" to YouTube (the "YouTube Video") demonstrating the use of a software application that included without permission or license the Code developed and owned by Hinker.

23.   Upon information and belief, Saltman also published a video which demonstrated and incorporated Plaintiff's Code on the CLI Website.

24.   On September 9, 2020, Saltman registered and incorporated CLI in Delaware.

25.     Upon information and belief, Saltman copied and distributed the Scripta software application, including Plaintiff's copyrighted works, to third parties, including LexisNexis, for purposes of marketing and promoting the software product under the CLI brand name.

26.     Upon information and belief, Saltman presented and demonstrated a product that incorporated Plaintiff's software Code, knowingly and falsely representing her ownership and creation of the Code to potential customers and licensees, including LexisNexis.

27.     Upon information and belief, Saltman knew that Hinker, through his relationship with Scripta, intended to market and license the software for commercial use to the market generally, including but not limited to LexisNexis.

28.     Upon information and belief, Saltman knew that Hinker and Scripta had been engaged in business discussions with third parties, including LexisNexis, with plans to license the software, and that a core element of those discussions was the ability to offer an exclusive license.

29.     Upon information and belief, in or about September 2020, Defendants were accepted into the LexisNexis "Legal Tech Accelerator" program for purposes of further developing and marketing the software product which incorporated and relied upon Plaintiff's software Code.

30.     Upon information and belief, Defendants copied, published, and distributed Plaintiff's software Code for purposes of applying to the LexisNexis accelerator program without Plaintiff's knowledge, authorization or permission.

<u>**COUNT I**</u>
**DIRECT, VICARIOUS and/or CONTRIBUTORY**
**COPYRIGHT INFRINGEMENT**

31.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully

herein.

32.     The foregoing acts constitute an infringement of Plaintiff's exclusive copyrights

under 17 U.S.C. §§ 101, *et seq*.

33.     Plaintiff is the exclusive owner of all copyrights in the software Code at issue, and

has registered the work with the U.S. Copyright Office.

34.     Hinker was never an employee of Scripta, nor did he ever agree to create any

software or other works for Scripta as works made-for-hire.

35.     As alleged herein, Defendants copied and exploited Plaintiff's copyrighted works

without a license, permission or authorization to do so.

36.     Upon information and belief, Defendant Saltman personally copied and published

substantial portions of Plaintiff's copyrighted work to YouTube and the CLI Website in order to

demonstrate the software application product previously intended to be launched by Scripta.

37.     Upon information and belief, Defendants copied and distributed Plaintiff's works

to third-party businesses for purposes of marketing and promoting the software application product

previously intended to be launched by Scripta and did so under the false pretense that Defendants

created and owned the software for the express purpose of enriching and economically benefiting

themselves, causing economic damage and harm to Plaintiff.

38.     To the extent that Defendants did not directly copy, distribute or display Plaintiff's

copyrighted works, Defendants are and should be held secondarily liable for such actions.

39.     Upon information and belief, Defendants benefitted commercially and economically from the unauthorized uses of Plaintiff's works, including through pre-launch marketing and promotion of the software product Defendants intend to distribute commercially, which allowed for Defendants' acceptance into competitive business accelerator programs, including the LexisNexis Legal Tech Accelerator.

40.     By infringing Plaintiff's copyrights, Defendants misappropriated Plaintiff's intellectual property for their own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

41.     Defendants' unauthorized uses of Plaintiff's copyrighted works was willful, intentional, and/or reckless, including because Defendant Saltman was subject to a confidentiality/non-disclosure agreement with Scripta and because Saltman already had decided to dissociate her relationship with Scripta prior to her copying and distributing Plaintiff's software Code.

42.     Plaintiff seeks all damages recoverable under the Copyright Act related to Defendants' unauthorized uses of Plaintiff's copyrighted works.

**COUNT II**
**UNAUTHORIZED DISTRIBUTION OF**
**FALSE COPYRIGHT MANAGEMENT INFORMATION**
**UNDER 17 U.S.C. § 1202**

43.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

44.     The conduct by Defendants alleged herein also constitutes a violation of Plaintiff's rights under Section 1202 of the Copyright Act, which protects the integrity of copyright management information ("CMI") in works of authorship.

45.     Plaintiff's Code includes specific underlying text and symbols which indicate the authorship and source of the Code.

46.     Upon information and belief, Defendants intentionally published and distributed the Code with false and/or altered CMI indicating that Defendants were the authors and/or copyright owners of the Code rather than Hinker or Plaintiff.

47.     Upon information and belief, Defendants distributed the Code with false and/or altered CMI on YouTube as well as to potential licensees of the software knowing that doing so would conceal and/or enable the infringement of Plaintiff's copyrights in and to the Code.

48.     Plaintiff seeks all available damages under Section 1202 and 1203 of the Copyright Act related to Defendants' distribution of false CMI in connection with the Code.

<u>**COUNT III**</u>
**REQUEST FOR DECLARATORY JUDGMENT**

49.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

50.     An alleged herein, an actual controversy has arisen involving Defendant Saltman's past uses, as well as Defendant CLI's future intended uses, of Plaintiff's copyrighted works in commercial software products.

51.     Plaintiff thus seeks a declaratory judgment that Defendants' intended use of Plaintiff's copyrighted software would constitute an infringement of Plaintiff's copyrights.

52.     Plaintiff further seeks a permanent injunction prohibiting Defendants from using or incorporating any of Plaintiff's copyrighted software in Defendant's commercial products.

## COUNT IV
## TORTIOUS INTERFERENCE
## WITH PROSPECTIVE BUSINESS RELATIONS

53.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

54.     Upon information and belief, Defendant Saltman was fully aware that Plaintiff expected to license his Code to Scripta for the purpose of entering into a business relationship with LexisNexis, through which Plaintiff's copyrighted software would be licensed and/or sold to LexisNexis.

55.     Upon information and belief, Defendants intentionally interfered with Plaintiff's business expectancy by personally meeting with LexisNexis representatives and promoting a product as their own despite Saltman knowing that this application included an unauthorized copy of Code and programs created by Hinker as her own.

56.     Upon information and belief, Defendants misrepresented facts related to the ownership and authorship of Plaintiff's software Code in applying to the LexisNexis Legal Tech Accelerator.

57.     As a result of Defendants' actions, Defendants have interfered with and impaired Plaintiff's prospective business relationship with LexisNexis, causing Plaintiff damages in an amount to be determined at trial.

58.     As a result of Defendants' actions, Plaintiff's ability to market the software as an exclusive product offering has been destroyed or seriously impaired.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

59.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

60.     Defendants' actions alleged herein constitute unfair competition pursuant to the common law of the District of Columbia.

61.     Upon information and belief, Defendant Saltman knowingly took advantage of her access to Plaintiff's copyrighted software as a former officer of Scripta, repackaged the product as that of Defendant CLI and presented it to prospective customers and business partners.

62.     Upon information and belief, Defendants intentionally misrepresented the authorship and ownership rights to Plaintiff's software Code to prospective customers and business partners, thereby preempting and materially impairing Plaintiff's ability to subsequently market and sell the product.

63.     Defendants' actions have caused Plaintiff damages, including but not limited to lost licensing opportunities and the value of Plaintiff's software as a unique and novel product.

**WHEREFORE,** Plaintiff respectfully prays for judgment on its behalf and for the following relief:

1.     A preliminary and permanent injunction against Defendants precluding Defendants from any further uses of Plaintiff's copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's works and all copies of the infringing materials described herein that are in the possession or control of Defendants.

2.     All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, damages incurred as a result of Plaintiff's loss of licensing revenue, Defendants' lack of attribution, and Defendants' profits attributable to the infringement;

3.     All allowable damages resulting from the common law torts alleged herein;

4.     Any other relief authorized by law, including punitive and exemplary damages; and

5.      For such other and further relief as the Court deems just and proper.


**<u>JURY TRIAL DEMANDED</u>**
Dated May 26, 2022
New York, New York.

Respectfully submitted,

MCCULLOCH KLEINMAN LAW

By: _____

Kevin P. McCulloch
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
Kevin@mkiplaw.com
*Counsel for Plaintiff*